IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE DAVIS,  Plaintiff,  vs.  STATE OF CALIFORNIA, et al.,  Defendants. | No. C 10-05239 JW (PR)  ORDER OF DISMISSAL |

Plaintiff, an inmate at the San Francisco County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order. Plaintiff challenges his current confinement and seeks immediate release from jail. Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.10\Davis05239_dism.wpd

any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.     Plaintiff's Claims

Plaintiff claims that he was arrested for possession and sale of marijuana on September 30, 2010. Plaintiff claims he entered a plea bargain for a lesser sentence, the result of which was a three months sentence in jail and three years probation. Plaintiff seeks for the Court to review the conviction, alleging entrapment and conspiracy, and order the Adult Probation Department to "terminate" his probationary period.

It is clear that plaintiff is challenging his conviction and not a condition of confinement. The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. See id. A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The opposite is not true, however: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

To the extent that plaintiff is seeking to file a habeas action,[1] plaintiff is advised that prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). There is no indication in the pleadings that plaintiff presented the Supreme Court of California with an opportunity to rule on his claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary). Plaintiff is advised that he may only file a petition for writ of habeas corpus after he has exhausted state judicial remedies with respect to all the claims he wishes to present in a federal habeas action.

## CONCLUSION

For the reasons discussed above, the complaint is DISMISSED without prejudice to bringing it as a petition for a writ of habeas corpus.

DATED:  February 14, 2011

JAMES WARE
United States District Chief Judge

---

[1] Plaintiff filed a document entitled "Petition for 2254 Habeas Corpus Amended," (Docket No. 6), which is a clear indication of plaintiff's intent to file a habeas action rather than a complaint.

Order of Dismissal
P:\PRO-SE\SJ.JW\CR.10\Davis05239_dism.wpd            3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JIMMY LEE DAVIS,

        Plaintiff,

  v.

STATE OF CALIFORNIA,

        Defendant.

Case Number: CV10-05239 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/16/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jimmy Lee Davis #10685370
San Francisco County Jail #3
P. O. Box 67
San Bruno, CA 94066

Dated: 2/16/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk